# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE L. NAVARRETE-LEIVA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CURRENT OR ACTING U.S. ATTORNEY GENERAL, et al.,<br><br>　　　　Respondents. | Case No.: 1:24-cv-00938-SKO (HC)<br><br>ORDER GRANTING MOTION TO DISMISS AND DISMISSING PETITION<br><br>[Doc. 18]<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |

　　　　Petitioner is an immigration detainee proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Upon consent of the parties to magistrate judge jurisdiction, this case was assigned to the undersigned for all purposes, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). (Doc. 20.)

　　　　Petitioner filed the instant petition on July 25, 2024, in the Northern District of California. (Doc. 1.) The case was transferred to this Court on August 12, 2024. (Doc. 5.) On October 23, 2024, Respondent filed a motion to dismiss the petition. (Doc. 18.) Petitioner did not file an opposition.

1

Petitioner challenges his continued detention by the Bureau of Immigration and Customs Enforcement ("ICE"). He claims he should be granted a bond hearing before an Immigration Judge or released on bond, because he has been detained for over seventeen months with no reasonable likelihood of removal in the foreseeable future. (Doc. 1 at 2.) Petitioner is not entitled to a bond hearing, or any other relief. For the reasons discussed below, the Court will GRANT the motion to dismiss and DISMISS the petition.

**I.      BACKGROUND**

Petitioner is a native and citizen of El Salvador who entered the United States on or about February 22, 2023, without being inspected, admitted, or paroled. (Doc. 18-1 at 2.) He was subsequently encountered by U.S. Border Patrol and processed for expedited removal. (Id.) At the time of the encounter, record checks revealed Petitioner to be a member of the MS-13 gang. (Id.)

On March 19, 2023, Petitioner was charged with inadmissibility under INA sections 212(a)(7)(A)(i)(I) and 212(a)(6)(A)(i). (Doc. 18-1 at 3.) On April 10, 2023, and May 15, 2023, Petitioner appeared for removal hearings before an immigration judge at the Laredo Immigration Court. (Id.) Petitioner requested and was granted a continuance to consult with an attorney. (Id.)

On May 22, 2023, Petitioner appeared before an immigration judge for a removal hearing. (Id.) The matter was continued to June 26, 2023, to allow Petitioner time to prepare an application for relief. (Id.) After the matter was rescheduled, Petitioner appeared before an immigration judge for his removal hearing on July 19, 2023. (Id.) The immigration judge issued a decision denying Petitioner's applications for relief from removal and ordering that he be removed from the United States to El Salvador. (Id.)

On August 11, 2023, Petitioner appealed the immigration judge's order of removal with the Board of Immigration Appeals ("BIA"). (Id.) Petitioner requested and was granted an extension of time to file a brief, and on October 10, 2023, he filed his brief in support of his appeal. (Id.) While the appeal was pending, he filed a motion to remand with the BIA. (Id.) On December 15, 2023, the BIA dismissed the appeal in part and remanded the record to the immigration judge for further factual findings regarding Petitioner's eligibility for relief. (Doc. 18-1 at 4.)

On January 23, 2024, Petitioner appeared before an immigration judge for a second removal hearing. (Id.) He requested a continuance to consult with an attorney; the immigration judge granted the request and rescheduled the next hearing for February 6, 2024. (Id.) Also on January 23, 2024, Petitioner filed a request for change of venue to the Adelanto Immigration Court. (Id.) The motion was denied. (Id.)

On February 26, 2024, Petitioner appeared for a removal hearing before an immigration judge. (Id.) The immigration judge set the hearing on the merits for March 6, 2024. (Id.) On that same day, Petitioner's counsel submitted a request for release from custody. (Id.) Upon review, on March 13, 2024, Enforcement and Removal Operations ("ERO") personnel denied the request after determining Petitioner was a flight risk and a security danger to the community. (Id.)

On March 5, 2024, Petitioner renewed his motion for change of venue which was denied. (Id.) On March 6, 2024, the immigration judge reconsidered the request for change of venue and granted the request. (Id.)

On March 18, 2024, Petitioner appeared before an immigration judge at the Adelanto Immigration Court for a removal hearing. (Id.) Petitioner requested a continuance to consult with an attorney. (Id.) The immigration judge granted the request and scheduled the next hearing for April 17, 2024. (Id.)

On April 17, 2024, Petitioner appeared for his removal hearing before an immigration judge. (Doc. 18-1 at 5.) The immigration judge set the merits hearing for June 3, 2024. (Id.)

On June 18, 2024, Petitioner's counsel submitted a request for release from custody. (Id.) Upon review, ERO personnel declined the request after determining Petitioner was a flight risk and presented a security danger to the community. (Id.) On July 3, 2024, Petitioner was notified of the denial. (Id.)

On June 3, 2024, and July 31, 2024, Petitioner had hearings for his request for relief from removal before an immigration judge at Adelanto Immigration Court. (Id.) On July 31, 2024, the immigration judge again denied Petitioner's application for relief from removal and ordered him removed from the United States to El Salvador. (Id.)

On August 19, 2024, Petitioner appealed the immigration judge's order with the BIA. (Id.) He subsequently requested and was granted a continuance to file a brief in support. (Id.) The continuance was granted on September 18, 2024, and is currently pending. (Id.)

## II.     DISCUSSION

A non-citizen who is present in the United States but has not been admitted is considered an applicant for admission. 8 U.S.C.A. § 1225(a)(1).  The applicant is subject to expedited removal if the applicant (1) is inadmissible because he or she lacks a valid entry document; (2) has not "been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility"; and (3) is among those whom the Secretary of Homeland Security has designated for expedited removal. 8 U.S.C. §§ 1225(b)(1)(A)(i), (iii)(I)–(II). Once "an immigration officer determines" that a designated applicant "is inadmissible," "the officer [must] order the alien removed from the United States without further hearing or review." 8 U.S.C.A. § 1225(b)(1)(A)(i).

If an applicant "indicates either an intention to apply for asylum" or "a fear of persecution," the immigration officer "shall refer the alien for an interview by an asylum officer." 8 U.S.C.A. §§ 1225(b)(1)(A)(i)–(ii). The point of this screening interview is to determine whether the applicant has a "credible fear of persecution." § 1225(b)(1)(B)(v). If the asylum officer finds an applicant's asserted fear to be credible, the applicant will receive "full consideration" of his asylum claim in a standard removal hearing. 8 C.F.R. § 208.30(f); see 8 U.S.C. § 1225(b)(1)(B)(ii). If the asylum officer finds that the applicant does not have a credible fear, a supervisor will review the asylum officer's determination. 8 C.F.R. § 208.30(e)(8). If the supervisor agrees with it, the applicant may appeal to an immigration judge, who can take further evidence and "shall make a de novo determination." 8 U.S.C.A. §§ 1003.42(c), (d)(1); see 8 U.S.C. § 1225(b)(1)(B)(iii)(III).

Regardless of whether the applicant receives full or expedited review, he or she is not entitled to immediate release. Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 111 (2020). They "shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed." Id. (citing 8 U.S.C.A. § 1225(b)(1)(B)(iii)(IV)). Likewise, applicants who are found to have a credible fear may also be detained pending further consideration of their asylum

applications. Id. (citing 8 U.S.C.A. § 1225(b)(1)(B)(ii)). In either case, the applicant must be detained until the conclusion of those proceedings. Jennings v. Rodriguez, 583 U.S. 281, 297 (2018).  However, an applicant "may be temporarily released on parole 'for urgent humanitarian reasons or significant public benefit.'" Id. at 288 (quoting 8 U.S.C. § 1182(d)(5)(A) and citing 8 C.F.R §§ 212.5(b), 235.3 (2017)).  Said parole request is considered by designated ICE Enforcement Removal Operations ("ERO") officers. 8 C.F.R. § 212.5(a). "Such parole, however, 'shall not be regarded as an admission of the alien.'" Jennings, 583 U.S. at 288 (quoting 8 U.S.C. § 1182(d)(5)(A)).

Petitioner contends he has been unreasonably detained without a bond hearing for over 17 months. He argues that due process requires he should be granted a bond hearing before an immigration judge to determine whether he is a risk of flight or danger to the community, or in the alternative, released under appropriate conditions of supervision.  As discussed below, Petitioner's arguments fail for several reasons.

First, contrary to Petitioner's assertions, he was twice reviewed for consideration of parole release.  In both cases, his requests for release were considered and denied.  On February 26, 2024, Petitioner, represented by counsel, filed a request for release from custody. (Doc. 18-1 at 4.)  Upon full review, ERO officers determined that he failed to establish that he was not a flight risk or a security risk and danger to the community. (Id.) On June 18, 2024, Petitioner, again represented by counsel, submitted a second request for release. (Doc. 18-1 at 5.) ERO officers again determined that he failed to show he was not a flight risk or danger to the community. (Id.) Thus, Petitioner's contention that his procedural due process rights have been violated by failure to provide opportunity to challenge continued detention is not well-taken.

Second, Petitioner's claim that the Constitution requires a bond hearing for continued detention during removal proceedings beyond six months also fails. In Jennings, the Supreme Court rejected the position that a bond hearing was statutorily required after six months.  The Supreme Court noted that "[n]othing in the text of § 1225(b)(1) or § 1225(b)(2) even hints that those provisions restrict detention after six months." Jennings, 583 U.S. at 298. Moreover, the Court noted that both sections §§ 1225(b)(1) and (b)(2) mandate detention "until immigration officers have finished 'consider[ing]' the application for asylum, § 1225(b)(1)(B)(ii), or until removal proceedings have concluded, §

5

1225(b)(2)(A)." Id. The Supreme Court noted no ambiguity in the statute: Sections 1225(b)(1) and (b)(2) "unequivocally mandate that aliens falling within their scope 'shall' be detained." Id. at 300. In addition, the Court noted that aliens detained pursuant to § 1225(b) may be temporarily paroled "for urgent humanitarian reasons or significant public benefit." Id. "That express exception to detention implies that there are no *other* circumstances under which aliens detained under § 1225(b) may be released." Id. Thus, there is no merit to the argument that periodic bond hearings are required under § 1225(b)(2) for detention exceeding six months. Id. at 312.

Petitioner nonetheless contends that due process requires a periodic individualized bond hearing during removal proceedings for prolonged detention. Petitioner notes several Northern District of California cases which applied the Mathews test to conduct an individualized due process analysis on whether a bond hearing was required. See Salesh P. v. Kaiser, 2022 WL 17082375, at *8 (N.D. Cal. 2022) (collecting cases) (applying factors set forth in Mathews v. Eldridge, 424 U.S. 319, 333 (1976)). In Mathews, the Supreme Court held that "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." 424 U.S. at 333. These due process considerations are not at issue here because Petitioner has been provided two parole reviews where he had the opportunity to demonstrate that he was not a flight risk or danger to the community.

Third, Petitioner's detention is not indefinite in nature. Unlike aliens detained under 8 U.S.C. § 1231 whose detention could be "indefinite" and "potentially permanent," aliens detained under § 1225(b) face a definite termination point. Demore v. Kim, 538 U.S. 510, 528-29 (2003) (citing Zadvydas v. Davis, 533 U.S. 678, 697 (2001)). As Respondent points out, Petitioner's detention period is prolonged because Petitioner has voluntarily chosen to delay his removal through applications of review and appeals. The same factor was noted by the Supreme Court in Demore: "Respondent was detained for somewhat longer than the average . . . but respondent himself had requested a continuance of his removal hearing." Demore, 538 U.S. at 530-31. Here, Petitioner has now been twice ordered removed to El Salvador, but he has voluntarily caused his prolonged detention by seeking further review and appeals.

To reiterate, "[d]etention during removal proceedings is a constitutionally permissible part of that process," Id. at 531, and periodic bond hearings are not statutorily required for aliens detained pursuant to 8 U.S.C.A. § 1225(b), Jennings, 583 U.S. at 300-01. Further, any due process concerns for a periodic detention review hearing are not at issue here because Petitioner has received at least two detention reviews where he, with the assistance of counsel, failed to establish that he was not a flight risk or a risk of danger to the community. In addition, Petitioner's detention is not indefinite; there is a clear termination point at the conclusion of Petitioner's various legal challenges. For these reasons, the petition must be dismissed.

**III.   ORDER**

For the foregoing reasons, the Court HEREBY ORDERS:

1) Respondent's motion to dismiss the petition is GRANTED;

2) The petition for writ of habeas corpus is DISMISSED; and

3) The Clerk of Court is DIRECTED to enter judgment for Respondent and close the case.

IT IS SO ORDERED.

Dated:   **December 12, 2024**           /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE